701 P.2d 365

**The HINKLE CORPORATION, et al., Plaintiffs-Appellants,**

v.

**GREAT AMERICAN INSURANCE CO., et al. (Reliance Insurance Co.), Defendant-Appellee.**

**No. 15785.**

Supreme Court of New Mexico.

June 5, 1985.

Perry C. Abernethy, Franklin, Dunn & Abernethy, Albuquerque, for plaintiffs-appellants.

Roberty J. Mroz, Montgomery & Andrews, Albuquerque, for defendant-appellee.

## OPINION

WALTERS, Justice.

This matter is before us on motions filed in this Court to strike notice of appeal, to strike portions of the transcript, and to limit issues on appeal. Only the record and transcript have so far been filed, thus handicapping us in our ability to review the matters presumably complained of.

According to the record, defendant Reliance Insurance Company obtained a favorable ruling on its summary judgment motion on November 30, 1984. The judgment was entered January 2, 1985. Plaintiffs filed notice of appeal to the Court of Appeals from the grant of summary judgment, on January 4, 1985. On January 3rd, however, plaintiffs moved for a rehearing on the motion and to set aside or modify the summary judgment, contending that the trial court had wrongly applied a contractual limitations clause in holding for defendant on its motion. The court heard that matter on January 28th and on February 4th, by order, denied the motion to set aside the summary judgment. On February 11, 1985, plaintiffs filed notice of appeal to the Court of Appeals from that judgment. The Court of Appeals transferred the matter to this Court because the complaint contained counts in contract.

Plaintiffs' record and transcript includes the post-January 4th pleadings and record of the court proceedings thereon which Reliance wishes stricken.

We assume the real thrust of Reliance's complaints here to be that Judge Ashby had no jurisdiction to entertain a hearing on the motion on January 25th after an appeal had been taken on January 4th.

Without deciding either that issue or related matters regarding the contents of the record or the transcript, we are unable to discern why any of them cannot be argued in the briefs of the parties on appeal. The time, effort and travel consumed by the parties in filing motions and appearing for argument, to say nothing of the additional briefing that would be required to obtain a decision on the merits of the motions, could as easily be incorporated in the appellate briefs and argument as in separate briefs, argument and travel undertaken mid-way in the appellate process.

We have no appellate briefs before us on the main appeal. We have no idea what plaintiffs intend to use their record and transcript for. Plaintiffs have paid for the transcript; why is appellee concerned about what is included in it if, in its answer brief, it is able to persuade us that some or much of the record and transcript were compiled as a result of a hearing which it will assert (we presume) the trial court was without jurisdiction to conduct and which, therefore, we should disregard? Those matters, in our view, are matters that can be argued in the appellate briefs if it comes to pass that plaintiffs broach them and appellee thinks them improper, unappealable or irrelevant.

We do not favor hearing appeals in bits and pieces—all of which require the time of the Court in more and longer Wednesday

hearings—when the matters may as easily be addressed by counsel in their briefs and oral arguments on the issues raised by the appeal. The attention and duties of this Court are already severely encroached upon by its additional obligations of superintending control over an ever-growing court system and by its supervisory responsibilities to a burgeoning bar. We would encourage, instead, serious efforts by appellate counsel to eliminate, insofar as possible, such preliminary or intermediate proceedings in this Court as can be disposed of in the appeal proper, particularly if there still remain matters to be considered on appeal even if the intermediate action requested be granted. The disposition of all issues at one time allows much more productive use of time of all persons concerned.

The motions are denied with leave granted to brief and reargue all matters in the normal course of the appellate proceeding.

IT IS SO ORDERED.

FEDERICI, C.J., SOSA, Senior Justice and RIORDAN, J., concur.

STOWERS, J., dissents.